Anna E. W. Cohen
vs.
General Motors Acceptance Corporation, et als.
}Eq. No. 10158.

May 14, 1930.

BLODGETT, P. J. Heard upon bill, answer and proof.

One Harry Soren built an apartment house called the Medway Manor and caused to be installed therein a refrigeration equipment, namely, coils and a compressor. This equipment was leased from respondents under the usual form of lease that provided title should remain in vendor until the conditions of the lease were fulfilled.

While the lease was in force, said Soren sold the premises to complainant. A balance of $604.66 remains due from Soren to respondents.

Complainant claims said equipment is a fixture.

Testimony discloses that the compressor is located in the cellar of said premises and that the same is held upon a foundation by bolts or screws. From this compressor a solution of brine is forced through a series of conduits to coils which are located in cabinets attached to the walls of the building. It is these coils and compressor which respondents claim the right to remove. They do not claim the right to remove the conduits or the cabinets.

It has been determined that these conditional sales leases are not mortgages of personal property which to become valid as to third parties must be recorded.

*Arnold* vs. *Chandler Motors*, 45 R. I. 469-474.

Complainant relies mainly upon the case of *McCrillis* vs. *Cole*, 25 R. I. 156, where an engine and boiler were held to be fixtures. In that case McCrillis and Smith had entered into an agreement for the purchase of land and a mill. Smith agreed to put in an engine and boiler and that same should be regarded as fixtures. Smith purchased same under an agreement that title to same should remain in vendor until fully paid. Smith was unable financially to carry out his agreement with McCrillis. Cole claimed the engine and boiler, same not being fully paid for McCrillis claimed same as fixtures. Same were declared by the Court to be fixtures. The real question in that case was whether the agreement between Cole and Smith was such as to make the engine a fixture, so that title passed to McCrillis when same was placed in the mill. The Court held the relations between McCrillis and Smith to be that of mortgagor and mortgagee. The Court further said: "If we ask which of two innocent persons must suffer loss, the answer is obvious that it must be the one more at fault; and these facts show that the defendant (Cole) was at fault in not making an inquiry which it was his duty to make."

In comparing the facts as set forth in the McCrillis case with the facts in the case at bar, we find that McCrillis received a definite agreement that the engine installed should be regarded as a fixture and the Court held that Cole, the vendor of the engine to Smith, was at fault in making no inquiry as to how the title rested as to said engine after the same was installed and as to the title of Smith in said real estate.

In the case at bar the relations between the respondents and Soren, who conveyed the Medway Manor to complainant, are not those existing between mortgagor and mortgagee.

The respondents are engaged in selling their product on the instalment plan and did so sell to Soren. As between Soren and respondents under the agreement the compressor and coils were personal property and subject to removal if the conditional sale agreement was not lived up to.

No relations of vendor and vendee exist between complainant and respondents. The relation of complainant to respondents is more nearly that of a bailee and bailor. The complainant is in possession of a bailment originally intrusted to Soren. Soren sold the apartment house to complainant. There is no record of any notice to complainant relative to the conditional sale of the compressor and coils.

As in the McCrillis case, there are two innocent parties. The respondents' sale antedated the sale of the apartment house to complainant. Up to the time of that sale the compressor and coils were not fixtures and were subject to removal. Respondents were not parties to the sale of the Medway Manor to complainant in any respect.

The Court is of the opinion that the

complainant was at fault in making no inquiry as to the title of Soren and that the doctrine of "Caveat Emptor" applies as between complainant and Soren. It is unnecessary to cite cases from other jurisdictions sustaining the contention of respondents, of which there are several in New York and Massachusetts and other jurisdictions as well.

Bill dismissed.

For complainant: A. H. Lake.

For respondents: Clason, Brereton & Kingsley.